UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAMELA J. WINTER,

                Plaintiff,

-against-

RICHARD FAY, ESQ.; ASHLEY M
PASCUZZI ESQ.; ANTHONY ROONEY ESQ.;
MOHAMED NJOUA; JUDGE THOMAS
QUINONES, J.S.C.; TIMOTHY IDONI; G.
JEFFREY RECORDS, JR.; SCOTT SMITH;
TODD DOBSON; KEN CLARK; LAUREN
EGER; MADISON GRASPO; SUSAN
RICHARDSON,

                Defendants.

24-CV-7643 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction and diversity of citizenship jurisdiction. By order dated October 15, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

On October 3, 2024, Plaintiff filed this complaint against the following Defendants: (1) Richard Fay, Esq.; (2) Ashley M Pascuzzi Esq.; (3) Anthony Rooney Esq.; (4) Mohamed Njoua; (5) Judge Thomas Quinones, J.S.C.; (6) Timothy Idoni; (7) G. Jeffrey Records, Jr.; (8) Scott Smith; (9) Todd Dobson; (10) Ken Clark; (11) Lauren Eger; (12) Madison Graspo; and (13) Susan Richardson. Plaintiff resides in Jefferson Valley in Westchester County, New York. She alleges that Defendants Fay, Pascuzzi, Rooney, and Quinones also reside in New York, and

2

that Defendants Njoya, Records, Smith, Dobson, Clark, Lauren Eger, Graspo, and Richardson reside in Oklahoma. The Defendants in Oklahoma appear to be affiliated with MidFirst Bank. The complaint does not explain who Defendants are or what they allegedly did or failed to do that violated Plaintiff's rights. Plaintiff invokes Rule 65 of the Federal Rules of Civil Procedure, 12 U.S.C. ch 38(A), 12 U.S.C. §§ 3759, 3760, 3762, 3763, and 3765. (ECF 1 at 2.)

This complaint arises out of an allegedly "fraudulent" mortgage foreclosure on property located at 3811 Wood Street, in Jefferson Valley. (*Id.* at 4.) Plaintiff asserts:

> I don't have a Mortgage. I never signed Mortgage Documents closing was abruptly stopped. The husband and wife were in the middle of a nasty divorce and refused to sign over a Power of Attorney. Attached unsigned mortgage document, no deed, no note. (Unsigned Mortgage printed at WCC Office Westchester County NY) I never received documents that my house is in foreclosure because I don't have a mortgage, I pay my taxes and home insurance.

(*Id.* at 4.)

Plaintiff further claims that she "was unknowingly made into a fake Corporation at birth in Tarrytown NY."[1] (*Id.* at 7.) Plaintiff seeks $660,000 in damages. (*Id.*)

On January 7, 2025, Plaintiff filed another complaint arising out of the same events, naming as Defendants: (1) Mid-First Bank; (2) Jason Spencer; (3) Richard P. Fay; (4) Nicole Gazzo; (5) Amy E. Polowy; (6) Ashley Marie Pascuzzi; and (7) Anthony J. Rooney. *See Winter v. MidFirst Bank*, No. 25-CV-0370 (LTS). In that pleading, Plaintiff purports to seek "emergency injunctive relief" from an order issued by the New York State Supreme Court,

---

[1] On this page of her complaint, Plaintiff writes out her full social security number. Rule 5.2(a) of the Federal Rules of Civil Procedure requires that court filings include only the last four digits of a person's Social Security number. A person who fails to redact such information or file it under seal waives the protections of Rule 5.2 as to her information. *See* Fed. R. Civ. P. 5.2(h). For this reason, the Court has directed the Clerk of Court to limit electronic access to the complaint. (ECF No. 1) to a "case-participant only" basis. Plaintiff must comply with Rule 5.2(a)(3) when submitting any future documents.

Westchester County, under case number 64098/2022. ECF 1 at 1. Plaintiff seeks to "vacate this fraudulent mortgage by court order and remove the Lis Pendens, reverse the auction and provide me with a clear title to my home." *Id.* at 8. Because that complaint asserts substantially similar claims and names two of the same Defendants (Pascuzzi and Rooney) as in this case, the Court directed that the new complaint be docketed in this case as a supplemental pleading and directed the Clerk of Court to close the action under docket number 25-CV-0370 without prejudice. The Court considers both complaints together as the operative pleading.

## DISCUSSION

**A.    Federal claims**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

The federal statutes to which Plaintiff cites, 12 U.S.C. ch 38(A), 12 U.S.C. §§ 3759, 3760, 3762, 3763, and 3765, apply only to foreclosures involving the United States Department of Housing and Urban Development ("HUD"). *See Kay v. Select Portfolio Servicing, Inc.*, No. 20-CV-1403, 2020 WL 4037215, at *2 (C.D. Cal. May 15, 2020); *White v. Mortg. Elec. Reg.Syst., Inc.*, No. 16-CV-11514, 2017 WL 655621, at *2 (E.D. Mich. Feb. 17, 2017); *Turman v. Wells Fargo Bank, N.A.*, No. 13-CV-1119, 2016 WL 5467947, at *1 (M.D. Tenn. Sept. 29,

2016). There are no facts in the complaint indicating HUD involvement in the foreclosure underlying Plaintiff's complaints. The Court therefore dismisses Plaintiff's federal claims for failure to state a claim on which relief may be granted.

**B.    State Law Claims**

Plaintiff's pleadings may be construed as asserting claims of fraud arising under state law. Plaintiff does not, however, allege facts demonstrating that the Court has diversity of citizenship jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in her pleadings that she and multiple Defendants reside in New York, precluding complete diversity of citizenship. Thus, the Court lacks diversity of citizenship jurisdiction of this matter.

Federal courts generally must grant a plaintiff an opportunity "'to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship.'" *Pearson v. Reid-Robinson*, 632 F. App'x 19 (2d Cir. 2016) (summary order) (quoting *Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987)). If Plaintiff amends her complaint to drop her claims against any nondiverse parties (parties that are domiciled in the same state where she is domiciled), Plaintiff might arguably be able to allege diversity of citizenship. In any amended complaint she files, Plaintiff must also explain who Defendants are and what they allegedly did or failed to do that violated her rights under state law.

The Court grants Plaintiff 30 days' leave to file an amended complaint. If she does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**C.     Order to Show Cause**

In her supplemental pleading, Plaintiff requests preliminary injunctive relief. To obtain such relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

As set forth above, Plaintiff's pleadings do not state a claim falling within the Court's jurisdiction. Therefore, based on these pleadings, Plaintiff has not shown (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. Accordingly, Plaintiff's request for an order to show cause is denied.[2]

---

[2] Plaintiff should be aware that this Court is largely precluded from reviewing final state-court orders and judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005); *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) (the *Rooker-Feldman* doctrine "bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases." (citing 28 U.S.C. § 1257)); *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) ("The [*Rooker-Feldman*] doctrine reflects the principle set forth in 28 U.S.C. § 1257 that the Supreme Court [of the United States] is the only federal court that has

## CONCLUSION

The Court treats the complaint (ECF 1) and the supplemental complaint (ECF 6) as the operative pleading.

The Court dismisses Plaintiff's federal claims for failure to state a claim, 28 U.S.C. § 1915(e (2)(B)(ii), and his state law claims for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3). The Court grants Plaintiff leave to file an amended complaint as to the state law claims within 30 days from the date of this Order of Dismissal with Leave to Replead.

The Court denies the application for an order to show cause without prejudice. (ECF 6.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   January 29, 2025
          New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge

---

jurisdiction to review state court judgments, . . . unless otherwise provided by Congress, *see, e.g.,* 28 U.S.C. § 2254 (habeas corpus review)."). The proper way to challenge a final state-court order or judgment is to appeal to the New York State Supreme Court, Appellate Division, Second Department, rather than seeking review in federal court.